IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUBY WHITEMAN<br>1228 Veterans Highway, Apt. E1<br>Levittown, PA 19056<br><br>    Plaintiff,<br> v.<br><br>RATEX BUSINESS SOLUTIONS, INC.<br>610 West Germantown Pike, Suite 305<br>Plymouth Meeting, PA 19462<br>  and<br>ROBERT HALF INTERNATIONAL, INC.<br>d/b/a Robert Half Technology<br>656 Swedesford Road, Suite 210<br>Wayne, PA 19087<br><br>    Defendants. | CIVIL ACTION<br><br>No.:<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, Ruby Whiteman (*hereinafter* referred to as "Plaintiff"), by and through her undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Defendant Ratex Business Solutions, Inc. (*hereinafter* referred to as "Defendant Ratex") and Defendant Robert Half International, Inc. d/b/a Robert Half Technology (*hereinafter* referred to as "Defendant Robert Half")[1] of the Americans with Disabilities Act ("ADA" – 42 U.S.C. §§ 12101 *et. seq.*) and the Pennsylvania Human Relations Act ("PHRA").[2] Plaintiff was unlawfully terminated by Defendants, and she suffered damages more fully described/sought herein.

---

[1] Defendant Ratex and Robert Half are *hereinafter* collectively referred to as "Defendants," unless otherwise indicated.
[2] Plaintiff will move to amend the instant Complaint to include violations of the PHRA after full administrative exhaustion before the Pennsylvania Human Relations Commission. Such claims will identically mirror Plaintiff's federal claims asserted herein under the ADA.

## JURISDICTION AND VENUE

2. This Court may properly maintain jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co v. State of Washington*, 326 U.S. 310 (1945) and its progeny.

3. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1343(a)(4) because the claims arise under the laws of the United States and seeks redress for violations of federal laws. This Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same circumstance and are based upon a common nucleus of operative fact.

4. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5. Plaintiff exhausted her administrative remedies because she timely filed Charges with the Equal Employment Opportunity Commission (EEOC) and now files the instant lawsuit within ninety (90) days of receiving a right-to-sue letter and/or notices of case closure from the EEOC.

## PARTIES

6. The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

7. Plaintiff is an adult individual who resides at the above-captioned address.

8. Defendant Ratex is an entity engaged in the business of providing technology and management services to higher education bookstores and has various locations throughout the United States including but not limited to the above captioned location.

9. Defendant Robert Half is a worldwide staffing agency that arranges work assignments for positions within various companies and operates an office at the above captioned location in Wayne, PA.

10. Plaintiff was placed by Defendant Robert Half to work within Defendant Ratex at its Plymouth Meeting, PA location, and although Plaintiff was hired through Defendant Robert Half, Plaintiff was treated in all functional respects like an employee while working within Defendant Ratex. Defendants' management had the ability to manage Plaintiff, discipline Plaintiff, give directive to Plaintiff, and make decisions regarding Plaintiff's employment. Plaintiff was permitted to address his work concerns with Defendant s' management and was obligated to follow the policies of Defendants. Furthermore, Defendant Ratex's management had direct say over whether Plaintiff continued working for such entity.

11. Upon information and belief, Defendants exercised joint control over Plaintiff including but not limited to through joint management and/or supervision, joint policy enforcement, and joint decisions regarding hiring/firing Plaintiff. Therefore, Defendants should be properly considered single and/or joint employers of Plaintiff for purposes of the instant action.

12. At all times relevant herein, Defendants acted through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

### IV. Factual Background

13. The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

3

14. Plaintiff was placed by Defendant Robert Half to work at Defendant Ratex's Plymouth Meeting location as a Support Analyst on or about November 30, 2015.

15. Plaintiff's position with Defendant Ratex was a temporary to permanent position.

16. Plaintiff has and continues to suffer from serious health conditions/disabilities, which include but are not limited to, atrial fibrillation (commonly known as A-Fib and/or Irregular heartbeat) and high blood pressure/hypertension.

17. While Plaintiff was at all times relevant herein able to and did perform her job well with Defendants, she was/is (at times) limited in various life activities due to her aforesaid health conditions, including but not limited to regulating her heart beat, regulating her blood pressure, breathing, and working.

18. Plaintiff's aforesaid health conditions have and continue to require ongoing medical oversight, evaluations, medication and treatment.

19. As a result of her aforesaid health conditions and limitations, Plaintiff (at times) required reasonable accommodations, including but not limited to intermittent time off from work to care for or treat for such disabilities.

20. During Plaintiff's employment with Defendants, Plaintiff kept Defendants' managements, including but not limited to Morgan Komatick, Lead Recruiter at Defendant Robert Half (*hereinafter* referred to as "Ms. Komatick") and Tarnesha Jackson, Support Analyst Manager at Defendant Ratex (*hereinafter* referred to as "Ms. Jackson"), apprised of her health conditions and need for reasonable accommodations.

21. For example, on or about December 19, 2015 (a Saturday), Plaintiff was hospitalized for approximately three (3) days due to her aforementioned health condition, which required her to take approximately one (1) day off from work.

4

22. Plaintiff provided a doctor's note to Defendants' management, including but not limited to Ms. Komatick and Ms. Jackson, pertaining to her aforementioned health conditions and hospitalization related to such health conditions (as discussed *supra*).

23. In or about the last week of December 2015, Plaintiff was hospitalized again due to her aforementioned medical conditions for approximately one (1) day and therefore, had to miss time from work.

24. Plaintiff informed Defendants' management including but not limited to Ms. Komatick and Ms. Jackson that she would not be able to make it into work because she was in the hospital.

25. For example, on December 30, 2015, Plaintiff sent Ms. Komatick an e-mail stating "It's unfortunate that I have to go back to the hospital this morning. I am not going to be able to make it to ratex. I will also text Tarnisha."

26. On or about December 30, 2015 at approximately 2:06 p.m., Ms. Komatick responded to Plaintiff's e-mail and stated:

> Hi Ruby
>
> We spoke with Tarnisha and Ratex is going to let you go.
> You do not need to go back.
>
> Please email me back to let me know you got this email.
>
> Tarnisha said they have a rollout coming soon and they can't have unexpected absences.
>
> . . .
>
> Focus on your health right now and let me know when you are better if there is a spot at Ratex we can revisit that possibility
>
> . . .

5

27. Plaintiff also received a letter after her termination from Ms. Komatick confirming as follows:

> Ruby Whiteman worked for Robert Half Technology at Ratex Busines Solutions from the dates of November 30, 2015 to January 1, 2016
>
> She was let go because of absences due to medical emergencies
>
> We are actively searching for a new position for Ruby.

28. Plaintiff was never offered another job through Defendant Robert Half.

29. Plaintiff believes and therefore avers that her termination from Defendants was completely pretextual, as she was terminated (1) shortly after requesting reasonable accommodations; (2) at a time period when she was confiding in Defendants' management about her aforementioned health conditions; (3) shortly after utilizing reasonable accommodations; and (4) for reasons directly related to her aforesaid disabilities and need for reasonable accommodations.

## COUNT I
### Violations of the Americans With Disabilities Act ("ADA," as amended)
([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; and [3] Failure to Accommodate)
- Against Both Defendants -

30. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

31. Plaintiff has and continues to suffer from qualifying disabilities under the ADA (as amended), which (at times) affected her ability to perform some daily life activities, including but limited to regulating her heart beat, controlling her blood pressure, working, and regulating her breathing (among other daily life activities).

6

32. Plaintiff requested reasonable accommodations in the form of intermittent time off from work for her aforesaid medical conditions.

33. Despite Defendants' management being aware of Plaintiff's aforementioned health conditions and request for a reasonable accommodations, Plaintiff was terminated after only taking very few intermittent days off from work to care for and treat for her aforesaid health conditions.

34. Plaintiff believes and therefore avers that Defendants terminated her because of (1) her perceived/actual disabilities; (2) her record of impairment; (3) her requests for accommodations, which constitutes unlawful discrimination and retaliation; and/or (4) Defendants' failure to accommodate her disabilities (by refusing to provide her with intermittent time off).

35. These actions as aforesaid constitute violations of the ADA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to be prohibited from continuing to maintain their illegal policy, practice or custom of discriminating/retaliating against employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B. Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered retaliation/discrimination at the hands of Defendants until the date of verdict;

C. Plaintiff is to be awarded liquidated/punitive damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendants

for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate, including but not limited to, emotional distress and/or pain and suffering damages (where legally permitted);

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G. Plaintiff's claims are to receive trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

        Respectfully submitted,

        KARPF, KARPF & CERUTTI, P.C.

By: _____
        Ari R. Karpf, Esquire
        3331 Street Road
        Two Greenwood Square, Suite 128
        Bensalem, PA 19020
        (215) 639-0801

Dated: September 21, 2016

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Ruby Whiteman  :  CIVIL ACTION

v.  :

Ratex Business Solutions, Inc., et al.  :  NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| 9/22/2016 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1228 Veterans Highway, Apt. E1, Levittown, PA 19056

Address of Defendant: 610 West Germantown Pike, SUite 305, Plymouth Meeting, PA 19462/656 Swedesford Road, Suite 210, Wayne, PA 19087

Place of Accident, Incident or Transaction: Defendants place of business
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☒

Does this case involve multidistrict litigation possibilities?   Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐  No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Ari R. Karpf, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 9/22/2016   _____ Attorney-at-Law   ARK2484   Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 9/22/2016   _____ Attorney-at-Law   ARK2484   Attorney I.D.# 91538

CIV. 609 (5/2012)

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
WHITEMAN, RUBY

**(b)** County of Residence of First Listed Plaintiff: Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C., 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020, (215) 639-0801, akarpf@karpf-law.com

## DEFENDANTS
RATEX BUSINESS SOLUTIONS, INC., ET AL.

County of Residence of First Listed Defendant: Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Americans w/Disabilities Act "ADA" (42USC12101)
Brief description of cause:
Violations of the ADA and the PHRA.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 9/22/2016
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

[Print] [Save As...] [Reset]